UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAYON QUANTAY SAMUEL,

       Petitioner,

                                      Case No. 1:06-cv-187
v.                                       Hon. Robert J. Jonker

KENNETH T. McKEE,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.      Background

A jury convicted petitioner of: possession with intent to deliver between 225 and 650 grams of cocaine, M.C.L. § 333.7401(2)(a)(ii); possession with intent to deliver between 50 and 225 grams of cocaine, M.C.L. § 333.7401(2)(a)(iii); and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. *People v. Trayon Quantay Samuel*, No. 238998 (Mich. App. June 12, 2003). He was sentenced consecutively to twenty to thirty years imprisonment for the possession with intent to deliver between 225 and 650 grams of cocaine conviction, ten to twenty years imprisonment for the possession with intent to deliver between 50 and 225 grams of cocaine conviction, and two years imprisonment for the felony firearm conviction. *Id.*

Petitioner presented the following issues in his direct appeal to the Michigan Court of Appeals:

I.      Was [petitioner] denied the effective assistance of counsel when trial counsel failed to attend to [petitioner's] case in a timely manner, failed to file appropriate pre-trial motions, failed to attempt to sever the two drug charges, failed to put forth a defense, failed to object to incorrect jury instructions, and failed to file a reply to the prosecution's minimum and consecutive sentencing memorandum?

II.     Did the trial court commit reversible error by failing to suppress the evidence that was seized in violation of [petitioner's] Fourth Amendment rights?

III.    Did [petitioner's] sentences of 10 and 20 years without parole constitute cruel or unusual punishment and violate the Equal Protection [Clause] and [petitioner's] rights in that the controlled substance charged was less than 650 grams, but a conviction of the charge of possession with intent to deliver over 650 grams, which carries a life sentence, would translate into a lesser sentence than that received by [petitioner]?

*See* docket no. 20.  The Michigan Court of Appeals affirmed the conviction.  *People v. Trayon Quantay Samuel*, No. 238998.  Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied.  *See* docket no. 22; *People v. Trayon Quantay Samuel*, No. 124157 (Mich. Nov. 24, 2003).

Upon conclusion of his direct appeal, petitioner filed a motion for relief from judgment pursuant to MCR 6.508, claiming ineffective assistance of counsel as follows:

[Petitioner] seeks to vacate his convictions on the grounds of ineffective assistance of his trial counsel for issues that were not argued at trial nor in the court of appeals and deals directly with his sentence in that a motion to consolidate the two offenses, which occurred on or about the same day, were not made by [petitioner] and, therefore, he received a consecutive sentence by the ineffectiveness of his attorney.

Motion for relief from judgment at ¶ 8 (docket no. 3).  The trial court denied the motion.  *See People v. Trayon Quantay Samuel*, Oakland Co. Cir. Ct. No. 2001-17790-FH (Order Sept. 10, 2004) (docket no. 24).

2

Petitioner raised the following issue in a delayed application for leave to appeal to the Michigan Court of Appeals:

> Is ineffective assistance of counsel a violation of due process of law when defense counsel fails to aggregate the amounts of controlled substances into one count and failed to make a motion, at the time of sentence under an aggregate sentencing theory, where the charges are a continuing transaction?

*See* docket no. 24.  The Michigan Court of Appeals denied the application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Trayon Quantay Samuel*, No. 260324 (Aug. 16, 2005).

Petitioner raised two issues in his application for leave to appeal to the Michigan Supreme Court:

> I.  Is ineffective assistance of counsel a violation of due process of law when defense counsel fails to aggregate the amounts of controlled substances into one count and failed to make a motion, at the time of sentence under an aggregate sentencing  theory, where the charges are a continuing transaction?
>
> II.  Was the Court of Appeals correct in denying [petitioner's] application by stating that [petitioner] did not meet the burden of establishing entitlement to  relief under MCR 6.508(D)?

*See* docket no. 25.  The Michigan Supreme Court denied the application because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Trayon Quantay Samuel*, No. 129490 (Dec. 27, 2005).

Petitioner, through counsel, raised three grounds for habeas relief in the habeas petition:

> I.  [Petitioner] received ineffective assistance of counsel, denying him his 6th Amendment rights.

3

> Defense counsel failed to prepare for trial in a timely manner, failed
> to file necessary pretrial motions, failed to sever the charges, failed
> to motion to consolidate charges, failed to present a defense, failed to
> object to incorrect jury instructions & failed to file a reply [to] the
> prosecutor's minimum & consecutive sentencing memorandum.

II.   Trial court erroneously admitted evidence that was seized in violation
of the Petitioner's Fourth Amendment rights.

> Police stopped Petitioner based on an informant's tip without
> reasonable suspicion or [probable] cause. They then proceeded to pat
> down the Petitioner without articulable suspicion.  Police found a
> paper bag on Petitioner, opened it and found cocaine inside.  Officers
> went to his home and entered without a search warrant for purposes
> of securing the home pending issuance of a search warrant.

III.   Petitioner's sentence constitutes cruel & unusual punishment and
violates equal protection and Due Process.

> Petitioner received 2 consecutive sentences for the drug charges
> against him.  He received a sentence of 20-30 years for Count I
> (Delivery of Controlled Substance - 225-649 grams) and 10-20 years
> for Count II (50-224 grams) to be served consecutively.

Petition (docket no. 1).  In an accompanying memorandum, his counsel has included additional

issues not set forth in the petition.   These include contesting his sentence on grounds of

proportionality and ineffective assistance of counsel for failing to consolidate the amount of the

controlled substances into one count for purposes of trial and sentencing.  Memorandum (docket no.

2).

## II.   Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge

shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States."  Before petitioner may seek such relief in

4

federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the three issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by 28 U.S.C. § 2254(d), which provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness

by clear and convincing evidence that the state court's determination was erroneous.  *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III.    Discussion

### A.    Ineffective assistance of counsel

Petitioner contends that his trial counsel was constitutionally ineffective for a number of reasons. In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690.   "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original).   Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment.   *Strickland*, 466 U.S. at 689-690.

In evaluating counsel's performance, the court should be mindful that "[t]he Constitution does not guarantee every defendant a successful defense," nor does it guarantee the accused "an excellent lawyer. . . " *Moran v. Triplett*, No. 96-2174, 1998 WL 382698 at *3, *5 (6th Cir. 1998).  Rather, "[t]he Sixth Amendment entitles criminal defendants to effective assistance of

6

counsel which means the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Boone*, 437 F.3d 829, 839 (8th Cir.) (internal quotes omitted), *cert. denied sub nom Washington v. United States*, 127 S. Ct. 172 (2006).

> 1.   **Defense counsel failed to prepare for trial in a timely manner and to file necessary pre-trial motions**

First, petitioner contends that counsel failed to file appropriate pre-trial motions prior to the October 15, 2001 deadline and then angered the court when he filed an untimely motion to suppress evidence. The Michigan Court of Appeals addressed these issues as follows:

> First, defendant argues that he was prejudiced because defense counsel filed an untimely motion to suppress the evidence which resulted in a cursory evidentiary hearing and the trial court admonishing defense counsel for mismanaging the case. However, review of the record reveals that a thorough and impartial hearing was held by the trial court. *See People v. Wells*, 238 Mich.App 383, 391; 605 NW2d 374 (1999).

*People v. Trayon Quantay Samuel*, No. 238998, slip op. at 1.

The record reflects that petitioner's counsel missed the court's deadline for filing a pre-trial motion to suppress. Trial Trans. I at 5-6. Nevertheless, the court granted petitioner an evidentiary hearing, during which his counsel raised four issues:

> One, is that the investigative stop lacked reliability. Second, that the seizure pursuant to the frisk was improper. Third, that there was no Miranda rights given and four that the consent, both of mother and of son was not proper.

*Id.* at 128. The court heard evidence from eight witnesses: Officer Kevin Braddock, Officer Mark Ferguson, Sergeant Robert Miller, Officer Shawn Werner, Officer James Farris, petitioner, Clarence Samuel (petitioner's brother), and Melissa Samuel (petitioner's mother). *Id.* at 43-118. After hearing arguments, the court denied the motion, stating in pertinent part:

> For the reasons stated by the People, defendant's request to suppress the evidence is denied. The Court finds as a fact that the tip here was more than just

7

defendant was going to deliver drugs.  It also had credibility in the sense that it identified the home, the car and the time frame involved.

Furthermore, the seizure pursuant to the frisk, the Court finds was proper. Exactly what [*Terry v. Ohio*, 392 U.S. 1 (1968)] provides when a defendant is patted down and a hard object is felt on one's person that's being apprehended.

No Miranda warnings being given.  The form itself defies, the signature on the form itself defies the signature on the consent to search form.  Both of them are virtually identical which indicates that defendant was informed of his Miranda rights.

The consent form the Court finds is freely and validly entered into.  Again, both signatures being here.  And the testimony being that they were read to the defendant beforehand.

*Id.* at 128-29.

The undersigned agrees with the Michigan Court of Appeals' characterization that petitioner received a "thorough and impartial hearing."  The record reflects that while counsel admittedly "mismanaged" filing the motion, *id.* at 8-9,  this action did not prejudice petitioner's defense.  Accordingly, petitioner has failed to demonstrate a constitutional violation.

### 2.      Defense counsel failed to sever the charges

Petitioner's next two issues are somewhat confusing.  In his appellate brief, petitioner asserted that counsel was ineffective because he "failed to attempt to sever the two drug charges filed against [petitioner], thereby creating an insurmountable obstacle for [petitioner] to overcome." Petitioner's Appellate Brief at 10.  Petitioner asserted in pertinent part that:

The two drug offenses in the instant case were not based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.  Therefore, they necessarily were joined solely on the basis that they were of the same or similar character.  As such, had trial counsel filed a timely motion for severance, it would have been granted.  Counsel's failure to do so created the real possibility that the jury was unable to distinguish the evidence and apply the law intelligently to each offense.

*Id.* at 11-12.  The Michigan Court of Appeals addressed this claim as follows:

8

Second, defendant argues that the two cocaine offenses were so unrelated that his counsel should have filed a motion for severance.  However, a motion for severance would have been fruitless because defendant's charges were sufficiently related as a part of a single plan or scheme.  *See* MCR 6.120(C); *People v. Tobey*, 401 Mich. 141, 151-152; 257 NW2d 537 (1977).

*People v. Trayon Quantay Samuel*, No. 238998, slip op. at 1-2.

While the habeas petition lists counsel's failure to sever the charges as a ground for an ineffective assistance of counsel claim, petitioner has not advanced any argument in support of this particular claim.  On the contrary, petitioner now contends that counsel should have moved to consolidate, rather than sever the counts.  *See* discussion, § II.B., *infra*.

Even if the court were to address the severance issue, petitioner's claim would fail. The Michigan Court of Appeals concluded that under Michigan law, a motion for severance would have been fruitless.  "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."  *United States v. Sanders*, 165 F.3d 248, 253 (3rd Cir. 1999).  *See Lilly v. Gillmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("[t]he Sixth Amendment does not require counsel . . . to press meritless issues before a court").

### 3.    Defense counsel failed to present a defense

Next, petitioner contends that "[t]rial counsel failed to put forth any defense whatsoever."  Pet. Memo. at 13.  Specifically, petitioner states that "[n]o witnesses were presented to rebut the allegations of the prosecution witnesses and no testimony was offered to further Petitioner's theory of the case."  *Id.*  The Michigan Court of Appeals addressed this issue as follows:

Next, defendant argues that defense counsel failed to put forth any defense "whatsoever."  However, defense counsel advanced a theory that defendant was only a "mule," a carrier of drugs, and the narcotics could have been accessed by defendant's older brother as he was seen and stopped outside the Marshall home after defendant was arrested.  Additionally, defense counsel aggressively cross-examined the police officers to subject the prosecution's case to meaningful adversarial testing.

9

> We will not second guess defense counsel's trial strategy. *See Williams, supra*; *People v. Rockey*, 237 Mich.App 74, 76; 601 NW2d 887 (1999).

*People v. Trayon Quantay Samuel*, No. 238998, slip op. at 2.

Petitioner presents only a cursory argument on this issue. A review of the transcript reveals that petitioner's trial counsel engaged in an extensive cross-examination of the prosecution's witnesses, including petitioner's mother and brother. Trial counsel rested the defense only after conferring with petitioner. Trial Trans. II at 82-83. While petitioner criticizes counsel's failure to call witnesses at trial, he has not identified a single witness that counsel failed to call. Defense counsel cannot create witnesses where none exist. "[T]he Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *United States v. Cronic*, 466 U.S. 648, 657 n. 19 (1984).

The record reflects that defense counsel relied on testimony solicited from witnesses on cross-examination. In his closing argument, counsel refers to testimony from Melissa Samuel and Clarence Samuel that he elicited from these witnesses on cross-examination. *Id.* at 109. In addition, counsel advocated strenuously in closing argument, pointing out the deficiencies in the government's case against petitioner. *Id.* at 95-113. Based on this record, it appears to the court that counsel mounted a sufficient, if unsuccessful, defense. *See United States ex rel. Bradley v. Lane*, 834 F.2d 645, 649 (7th Cir. 1987) (defense counsel's failure to give an opening statement, failure to present witnesses and resting his case when the state completes its case-in-chief did not constitute ineffective assistance, where counsel made repeated objections at trial, vigorously cross-examined several key witnesses, moved for a directed verdict, and "gave what the state appellate court described as a persuasive closing argument" ).

### 4.      Defense counsel failed to object to incorrect jury instructions

Next, petitioner contends that counsel failed to object to the jury instructions for the drug charges.  Specifically, petitioner contends that the instructions were deficient because "they omitted the necessary element of knowledge of the amount [of] the controlled substances," *citing People v. Mass*, 628 N.W.2d 540 (2001) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Michigan Court of Appeals addressed this claim as follows:

> Defendant also argues that the jury should have received an instruction that the prosecution had to establish that knowledge of the amount of cocaine was an element of the two possession offenses for which defendant was charged.  Defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466, 476; 120 S Ct 2348; 147 L.Ed.2d 435 (2000) and *People v. Mass*, 464 Mich. 615; 628 NW2d 540 (2001) in support of his claim.  However, this Court rejected the same argument in *People v. Marion*, 250 Mich. App 446, 450-451; 647 NW2d 521 (2002); accordingly, the trial court's instructions were proper.

*People v. Trayon Quantay Samuel*, No. 238998, slip op. at 2.

There was no basis for trial counsel to object to the jury instruction, because under the relevant statute, M.C.L. § 333.7401, knowledge of quantity is not an element of possession with intent to deliver a controlled substance.  *People v. Marion*, 250 Mich. App. at  451.  As previously discussed, the Sixth Amendment does not require counsel to raise meritless issues before the court. *Sanders*, 165 F.3d at 253; *Lilly*, 988 F.2d at 786.  Accordingly, petitioner's claim should be denied.

### 5.      Defense counsel failed to reply to the prosecutor's minimum and consecutive sentencing memorandum

Finally, petitioner contends that counsel failed to file a reply to the prosecution's "Mandatory Minimum and Consecutive Sentencing Memorandum," in which petitioner could have set forth mitigating circumstances for the court to consider before sentencing.  Pet. Memo. at 15. The Michigan Court of Appeals addressed this issue as follows:

Finally, defendant claims that his counsel was ineffective because he did not file a written response to the prosecution's sentencing memorandum. However, at the sentencing hearing defense counsel reviewed the presentence report, objected to erroneous information within the report, and aggressively argued that substantial and compelling reasons existed for departure from the statutory minimum. Therefore, we conclude that defendant was not denied the effective assistance of counsel at sentencing. *See People v. Russell*, 254 Mich.App 11, 18; 656 NW2d 817 (2002); [*People v. Garza*, 246 Mich.App 251, 255; 631 NW2d 764 (2001)].

*People v. Trayon Quantay Samuel*, No. 238998, slip op. at 2.

Petitioner contends that counsel's failure to file a reply to the sentencing memorandum fell below an objective standard of reasonableness. Petitioner cites *Arredondo v. United States*, 178 F.3d 778, 788 (6th Cir. 1999), in which the court stated that "[a] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." The court disagrees with petitioner's contention that trial counsel's action is analogous to the type of ineffective assistance described in *Arredondo*. While counsel did not file a written reply, he aggressively argued for a departure from the statutory minimum. The fact that counsel failed to convince the judge to depart from the statutory minimum cannot be equated with ineffective assistance of counsel. Furthermore, the court finds no evidence that petitioner was prejudiced by counsel's actions. Nothing in the record suggests that the trial judge would have sentenced petitioner differently if counsel had submitted a written reply to the government's sentencing memorandum.

### 6.    Summary

The Michigan Court of Appeals' resolution of each ineffective assistance of counsel claim discussed above was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable

determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, petitioner is not entitled to habeas relief on the ground of ineffective assistance of counsel.

### B. Procedural defaulted claim of ineffective assistance of counsel

Next, plaintiff has raised an additional ineffective assistance of counsel claim, on the ground that trial counsel failed to aggregate the amounts of controlled substances into one count and failed to make a motion, at the time of sentence under an aggregate sentencing theory. For the reasons stated below, this claim is precluded from habeas review under the doctrine of procedural default.

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

13

Petitioner first raised this claim in his motion for relief from judgment filed in the Oakland County Circuit Court. Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's application for leave to appeal the ineffective assistance of counsel claims because he failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). A habeas petitioner's claims are procedurally defaulted in those cases in which the Michigan Supreme Court expressly relies on MCR 6.508(D) in denying an application for leave to appeal. *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Simpson*, 238 F.3d at 407-08; *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). Accordingly, petitioner's claim that his counsel was ineffective for failing to consolidate the drug offenses is procedurally defaulted.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner did not allege any cause for the procedural default of this claim. In the absence of cause, it is unnecessary to consider any prejudice resulting from this alleged error of federal law.

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

14

To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. *See, e.g. Paffousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec. 19, 2000) ("[I]n order to establish actual innocence a petitioner must show that it is more likely than not that no reasonable juror would have convicted him"). Evidence sufficient to establish actual innocence "normally consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Paffousen*, 2000 WL 1888659 at *3. Because petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted, he has failed to meet the fundamental miscarriage of justice exception. Accordingly, this ineffective assistance of counsel claim is procedurally barred and not subject to habeas review.

## C.      Fourth Amendment claim

To the extent petitioner raised the "illegal search" claim in his direct appeal, this cannot be the basis for habeas relief. Collateral review of this type of Fourth Amendment claim is limited by *Stone v. Powell*, 428 U.S. 465 (1976), in which the Supreme Court ruled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone*, 428 U.S. at 494.

The proper application of *Stone* involves two distinct inquiries. First, the district court must determine whether the state provided a procedural mechanism which gave petitioner an

15

opportunity to raise his Fourth Amendment claims. Second, the district court must determine whether presentation of that claim was frustrated by a failure of the procedural mechanism. *See Gilbert v. Parke,* 763 F.2d 821, 823 (6th Cir. 1985), citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). With respect to the first inquiry, it is well established that Michigan court rules and statutes provide an adequate procedural mechanism for resolving Fourth Amendment claims. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). With respect to the second inquiry, petitioner has not shown that a failure of any of the above procedures frustrated the presentation of his Fourth Amendment claim. On the contrary, the record reflects that petitioner received a pre-trial evidentiary hearing on his motion to suppress. Trial Trans. I at 13-129. Accordingly, petitioner's Fourth Amendment claim is barred by *Stone*.

### D. Sentencing claims

#### 1. Proportionality

Petitioner contends that his sentence violates Art. 1, § 16 of the Michigan Constitution, which prohibits cruel and unusual punishment, which has been construed as prohibiting grossly disproportionate sentences. Pet. Memo. at 33. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal habeas corpus relief does not lie for errors of state law. *Id.* at 67. In addition, the state's computation of petitioner's prison term involves a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, No. 02-1742, 2003 WL 21130033 at *1 (6th Cir. May 14, 2003), citing *Estelle*, 502 U.S. at 68. *See also Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of

punishment for convicted defendants.'" *Austin*, 213 F.3d at 301, *quoting Williams v. New York*, 337 U.S. 241, 245 (1949).

Even if petitioner had raised a federal constitutional claim under the Eighth Amendment, he would not prevail on this issue.  "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole."  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Because petitioner's sentence was neither a death penalty nor life in prison without possibility of parole, he is not entitled to federal habeas relief on this proportionality claim.

## 2.  Due Process and Equal Protection

Next, petitioner contends that he was "denied due process as a consequence of Michigan's parole scheme because persons sentenced to life imprisonment following conviction for possession with intent to deliver over 650 grams of cocaine are eligible for parole consideration before persons sentenced to an indeterminate term of years, which mandates a mandatory minimum sentence of 20 years imprisonment."  Pet. Memo. at 39.  Petitioner contends that "had he been sentenced under the current Sentencing Guidelines instead of a statutory minimum, he would be facing a much shorter sentence than the one he is currently serving."  *Id.*  Petitioner also asserts that he was denied equal protection under Michigan's criminal statutes for possession with intent to deliver controlled substances, claiming that "[t]his scheme treats those drug offenders who have been convicted of lesser crimes more harshly than those convicted of a more severe offense." Petitioner's Memorandum at 38-39.

The Michigan Court of Appeals addressed these claims as follows:

Next, defendant argues that he was denied due process and equal protection because a person convicted under M.C.L. § 333.7401(2)(a)(i) [possession with intent to deliver 650 grams or more of a controlled substance] is allegedly eligible for

17

parole earlier than a person convicted under M.C.L. § 333.7401(2)(a)(ii) [possession with intent to deliver between 225 and 649 grams of a controlled substance]. *See* M.C.L. § 791.234(6). Defendant claims, for the first time on appeal, that "[t]he simple concept of fundamental fairness is offended where, as here, had the Appellant been convicted of a greater offense, he would have received a more lenient sentence." However, if defendant had been convicted under M.C.L. § 333.7401(2)(a)(i), defendant would not have received a more lenient sentence but could have been sentenced to "imprisonment for life or any term of years but not less than 20 years." To the contrary, under M.C.L. § 333.7401(a)(ii) defendant faced a sentence of imprisonment "for not less than 20 years nor more than 30 years." Although under M.C.L. § 791.234(6) persons sentenced to life imprisonment may be eligible for parole before they have served twenty years of their life sentence, such defendants cannot be said to have "received a more lenient sentence." In any event, the Legislature is the proper forum for such decisions. *See* [*People v. Marcus Davis*, 250 Mich. App. 357, 369; 649 N.W.2d 94 (2002)]; *Straus v Governor*, 230 Mich. App. 222, 225; 583 N.W.2d 520 (1998); *People v. Matthews*, 143 Mich. App. 45, 64; 371 N.W.2d 887 (1985).

*People v. Samuel*, No. 238998, slip op. at 4.

> As an initial matter, petitioner's characterization of the state trial court sentencing decision as a "Denial of Due Process" does not transform his state law claim into a federal constitutional claim. *See, e.g., Austin*, 213 F.3d at 301(in rejecting petitioner's claim that the trial court's departure from the sentencing guidelines violated his federal due process rights during sentencing, the court noted that petitioner failed "to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses," and was "unable to substantiate a single violation of any of his constitutional guarantees to due process"); *Felicetty v. Bianco*, No. Civ. A. 02-585-JJF, 2003 WL 21402544 at *6 (D. Del. June 10, 2003) ("[A] state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable, even if those claims are couched in terms of a due process violation") (internal quotation marks omitted).

> Finally, petitioner contends that Michigan's statutory scheme violates the Equal Protection Clause because the statute for possessing and delivering a larger quantity of controlled

substance (i.e., more than 650 grams), M.C.L. § 333.7401(2)(a)(i), allows earlier eligibility for

parole than the statute regulating a smaller quantity (i.e., between 225 and 649 grams), M.C.L. §

333.7401(2)(a)(ii), for which he was convicted.  Petitioner's contention is meritless.  In reviewing

claims under the Equal Protection Clause,

> If a statutory classification "neither proceeds along suspect lines nor infringes
> fundamental constitutional rights," the classification "must be upheld against equal
> protection challenge if there is any reasonably conceivable state of facts that could
> provide a rational basis for the classification."  *FCC v. Beach Commc'ns*, 508 U.S.
> 307, 313 (1993); *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio*, 430
> F.3d 783, 790 (6th Cir.2005).  Further, the government "may make reasonable
> classifications . . . provided the classification is not unreasonable, arbitrary or
> capricious."  *Gilday v. Bd. of Elections of Hamilton County, Ohio*, 472 F.2d 214, 217
> (6th Cir.1972).

*Molina-Crespo v. United States Merit Systems Protection Board*, -- F.3d --,  2008 WL 4964156 at

*6 (6th Cir. Nov. 24, 2008).  Here, the government has made reasonable classifications.  At the time

of petitioner's conviction, M.C.L. § 333.7401(2)(a)(i) provided for a minimum term of 20 years

imprisonment with a maximum term of life imprisonment for possession and delivery of over 650

grams.   In contrast, M.C.L. § 333.7401(2)(a)(ii) provided for a minimum term of 20 years

imprisonment with a maximum term of 30 years.  The court agrees with the Michigan Court of

Appeals that while a person sentenced to life imprisonment might be eligible for parole before

serving 20 years of a life sentence, a sentence of 20 years to life imprisonment is not "more lenient"

than a sentence of 20 to 30 years imprisonment.  There is, of course, no right to parole under

Michigan law.

The Michigan Court of Appeals' resolution of this issue was neither contrary to, or

an unreasonable application of, clearly established Federal law as determined by the Supreme Court;

nor was the decision based on an unreasonable determination of the facts in light of the evidence

presented.  28 U.S.C. § 2254(d).  Accordingly, petitioner is not entitled to habeas relief on this claim.

### IV.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  January 7, 2009                              /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file` written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).