UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAYON QUANTAY SAMUEL,

    Petitioner,

v.

KENNETH T. McKEE,

    Respondent.
_____/

CASE NO. 1:06-cv-187

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 27) filed on January 7, 2009. Petitioner filed his Objections to the Report and Recommendation (docket # 28) on January 13, 2009. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be denied. Petitioner objects to the Report and Recommendation only insofar as it concludes that Petitioner procedurally defaulted one of his many claims of ineffective assistance of counsel. After a de novo review of the record, the Court agrees with Magistrate Judge Brenneman that Petitioner is not entitled to habeas relief in this case.

**I.      Analysis**

Petitioner claims that he was denied effective assistance of counsel because his trial counsel failed to consolidate two separate drug charges at the time of Petitioner's sentencing. Petitioner did not raise this claim on direct appeal. He raised the claim for the first time in a post-appeal motion for relief from judgment under MCR. 6.508.[1] The Oakland County Circuit Court denied the motion. Petitioner appealed to the Michigan Court of Appeals, and that court denied the motion. Petitioner then appealed to the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's appeal for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

The Magistrate Judge correctly held that Petitioner procedurally defaulted this claim because "the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims." *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *see also Burroughs v. Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002). A federal court is barred from reviewing a procedurally defaulted claim unless the habeas petitioner can "show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of

---

[1] MCR 6.508(D) bars a convicted criminal defendant from bringing a post-appeal motion for relief on grounds that "could have been raised on appeal from the conviction and sentence," unless the defendant demonstrates that the motion falls within one of the statutorily-defined exceptions.

justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (internal quotations and citations omitted); *accord Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006).

Petitioner's objection does not address the applicability of the doctrine of procedural default. Petitioner argues only that his trial counsel was ineffective, and that the motion for relief should have been granted in the state court because he sought to challenge the validity of his sentence. (*See* Petitioner's Objections, docket # 28, at 6.) Petitioner makes no effort to explain the cause for default or argue that denial of federal review will result in a fundamental miscarriage of justice. *Cf. Coleman*, 501 U.S. at 722. The Court finds no basis to conclude that review of Petitioner's procedurally defaulted claim is warranted, and Petitioner has waived any other objections to the Report and Recommendation. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) ("[M]aking some objections but failing to raise others will not preserve all the objections a party may have.")

## II.    Certificate of Appealability

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's

3

assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not made the required "substantial showing" in this case. Petitioner does not identify the cause for his procedural default, nor does he argue that federal court review is necessary to prevent a miscarriage of justice. Reasonable jurists could not debate the outcome of Petitioner's claim, and therefore Petitioner should not be allowed to proceed further. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on January 7, 2009, is approved and adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is summarily **DISMISSED.**

2. A certificate of appealability is **DENIED**.

                                                          /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE

Dated: March 27, 2009